O

No JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CALIFORNIA EXPANDED METAL PRODUCTS CO., a California company, | ) ) ) ) | Case No. CV 12-10791 DDP (MRWx) |
| Plaintiff, | ) ) | **ORDER RE: MOTIONS TO DISMISS** |
| v. | ) ) | |
| CLARKWESTERN DIETRICH BUILDING SYSTEMS LLC doing business as CLARKDIETRICH BUILDING SYSTEMS, et al. | ) ) ) ) ) | [Dkt. Nos. 113, 117] |
| Defendants. | ) ) ) | |

Presently before the court is Defendant and Counterclaimant ClarkWestern Dietrich Building Systems LLC ("ClarkWestern")'s Motion to Dismiss Plaintiff's Third Claim for Negligent Interference with Prospective Economic Advantage (Dkt. 113). Also before the court is Plaintiff California Expanded Metal Products Company ("CEMCO")'s Motion to Dismiss ClarkWestern's Counterclaim (Dkt. 117). Having considered the submissions of the parties and heard oral argument, the court grants both motions and adopts the following order.

## I. Background

Plaintiff California Expanded Metal Products Co. ("CEMCO") is a California corporation. (Third Amended Complaint ("TAC") ¶ 1.) Defendant James A. Klein ("Klein") was, at one time, a CEMCO employee. (TAC ¶ 8.) CEMCO alleges it entered into a contract ("the Agreement") with Klein, under which he promised CEMCO exclusive negotiation rights for an exclusive license to any construction-related technology that Klein might invent. (TAC ¶ 9.) Under the Agreement, in the event CEMCO and Klein were unable to agree on license terms, CEMCO would enjoy a right of first refusal on any licensing agreement that Klein reached with a third party. (Id.)

Klein later patented a new construction technology, but did not grant an exclusive license to CEMCO. (TAC ¶ 10.) Instead, Klein licensed his new "Blazeframe" technology to CEMCO's biggest competitor, Defendant ClarkWestern. (Id.)

On October 31, 2012, Klein filed a patent infringement action against CEMCO in the Western District of Washington. See CV 13-04669 DDP-MRW. CEMCO then initiated this action against Klein and ClarkWestern on December 18, 2012, alleging four causes of action against ClarkWestern for (1) tortious interference with contractual relations, (2) tortious interference with prospective economic advantage, (3) negligent interference with prospective economic advantage, and (4) inducing breach of contract, and two causes of action against Klein for (5) breach of contract, and (6) breach of the covenant of good faith and fair dealing. ClarkWestern filed a counterclaim against CEMCO for tortious interference with prospective economic advantage.

1    After conferring with the parties, this court directed CEMCO
2 to file a Third Amended Complaint.  The TAC alleges the same six
3 causes of action originally alleged, as well as nine additional
4 causes of action for declaratory relief regarding the validity
5 and enforceability of the various BlazeFrame patents.
6 Clarkwestern again filed a counterclaim against CEMCO, alleging a
7 single claim for Tortious Interference with Prospective Economic
8 Advantage.  (Dkt. 115.)
9    ClarkWestern now moves to dismiss CEMCO's third cause of
10 action for negligent interference with prospective economic
11 advantage.  CEMCO moves to dismiss ClarkWestern's counterclaim.

**II.  Legal Standard**

13   A complaint will survive a motion to dismiss when it
14 contains "sufficient factual matter, accepted as true, to state a
15 claim to relief that is plausible on its face." Ashcroft v.
16 Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v.
17 Twombly, 550 U.S. 544, 570 (2007)).  When considering a Rule
18 12(b)(6) motion, a court must "accept as true all allegations of
19 material fact and must construe those facts in the light most
20 favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447
21 (9th Cir. 2000).  Although a complaint need not include "detailed
22 factual allegations," it must offer "more than an unadorned, the-
23 defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at
24 678.  Conclusory allegations or allegations that are no more than
25 a statement of a legal conclusion "are not entitled to the
26 assumption of truth." Id. at 679.  In other words, a pleading
27 that merely offers "labels and conclusions," a "formulaic
28 recitation of the elements," or "naked assertions" will not be

3

sufficient to state a claim upon which relief can be granted. Id. at 678 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Id. at 679. Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." Twombly, 550 U.S. at 555. "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

**III. Discussion**

    A.   CEMCO's Cause of Action for Negligent Interference with Prospective Economic Advantage

CEMCO's Third Cause of Action for Negligent Interference with Prospective Economic Advantage alleges that ClarkWestern knew or should have known about the relationship between Klein and CEMCO, and failed to act with reasonable care by "unfairly using its multibillion dollar market power to dictate the terms of the license that was offered by Klein to CEMCO, by interfering with CEMCO's ability to obtain a fair license in an arms [sic] length negotiation with only Klein on an exclusive basis, and by requiring that Klein sue CEMCO for patent infringement . . . ." (TAC ¶¶ 30-31.) ClarkWestern argues that it, as a competitor, owed no duty of care to CEMCO. (ClarkWestern Motion at 5-6.)

"The threshold element of a cause of action for negligence is the existence of a duty to use due care toward an interest of another that enjoys legal protection against unintentional

invasion." Lake Alamnor Assoc. L.P. v. Huffman-Broadway Group, Inc., 178 Cal.APp.4th 1194, 1205 (2009) (internal quotation and citations omitted). "Recognition of a duty to manage business affairs so as to prevent purely economic loss to third parties in their financial transactions is the exception, not the rule, in negligence law . . . ." Id. (internal quotation and citation omitted).

CEMCO's argument that ClarkWestern owed CEMCO a duty of care relies almost entirely upon the California Supreme Court's decision in J'Aire Corp. v. Gregory, 24 Cal.3d 799, 804 (1979). In J'Aire, the plaintiff leased restaurant space at an airport. The airport hired a contractor to renovate the restaurant space. The restaurant could not resume business until the renovations were completed. When the contractor failed to complete the project within a reasonable time, the tenant sued the contractor for negligence. J'Aire, 24 Cal.3d at 802. The California Supreme Court, holding that the contractor did owe a duty of care to the restaurant, set out six factors relevant to a duty of care analysis: "(1) the extent to which the transaction was intended to affect the plaintiff, (2) the foreseeability of harm to the plaintiff, (3) the degree of certainty that the plaintiff suffered injury, (4) the closeness of the connection between the defendant's conduct and the injury suffered, (5) the moral blame attached to the defendant's conduct and (6) the policy of preventing future harm." J'Aire 24 Cal.3d at 804.

ClarkWestern, in turn, points to Stolz v. Wong Communications, 25 Cal.App.4th 1811 (1994). In Stolz,

5

the plaintiff sued a competitor for interfering with the plaintiff's efforts to renew a broadcasting license. Stolz, 25 Cal.App.4th at 1815. The Stolz court, citing J'Aire, held that the complaint had not alleged, and could not allege, a claim for negligent interference with economic relations because the parties were competitors, and therefore by definition did not owe each other a duty of care. Stolz, 25 Cal.App.4th at 1825.

    A court of this district addressed the potential incongruity between J'Aire and Stolz in Sierra National Holdings, Inc. v. Altus Finance, S.A., No. CV 01-1339 AHM, 2001 WL 1343855 (C.D. Cal. June 20, 2001). There, the parties were insurance companies, each of which attempted to acquire the assets of a third, failing insurance company. Sierra Nat'l, 2001 WL 1343855 at *17. As in Stolz, the Sierra National parties were competitors. Id. Unlike the tenant-plaintiff in J'Aire, the Sierra National plaintiff's ability to conduct businesses did not depend upon the defendant's conduct. Id. As Judge Matz explained, under those circumstances, it would be possible to analyze the plaintiff's negligent interference claim under J'Aire. Id. However, given the parties' status as competitors and the lack of any interdependence, "a mechanical application and weighing of [the J'Aire] factors would expand the theoretical scope of [negligent interference with prospective economic advantage] far beyond its sensible boundaries." Id. Other courts have come to a similar conclusion. See, e.g. AccuImage Diagnostics Corp. v. Terarecon, Inc., 260 F.Supp.2d 941, 957 (N.D. Cal. 2003); Impeva Labs, Inc. v. Sys. Planning Corp., No. 12-CV-00125-EJD, 2012 WL 3647716 at *7 (N.D. Cal. Aug. 23, 2012);

Gutierrez v. City of Carson, No. CV10-7627 JAK, 2011 WL 7129239 at *12 (C.D. Cal. Dec. 16, 2011).

Here, as in Sierra National, the parties are competitors whose businesses are not interrelated in any way. Accordingly, ClarkWestern owed no duty of care to CEMCO. The Third Cause of Action for Negligent Interference with Prospective Economic Advantage is, therefore, DISMISSED with prejudice.

### B. ClarkWestern's Counterclaim

ClarkWestern's Counterclaim alleges a single cause of action for Tortious Interference with Prospective Economic Advantage. (Counterclaim ¶¶ 11, 13.) The thrust of ClarkWestern's counterclaim is that CEMCO intentionally interfered with license discussions between Klein and ClarkWestern by "maintaining uncertainty" regarding CEMCO's own claims regarding Klein's patent. (Counterclaim ¶ 11.) Specifically, CEMCO allegedly misrepresented that its exclusive licensing Agreement with Klein applied to the BlazeFrame invention, disputed Klein's ownership of the patented technology, misrepresented its willingness to settle the ownership dispute, and amended its own patent applications to avoid resolution of ownership issues. Because of these intentional acts, ClarkWestern alleges that its license agreement with Klein was delayed by two years, during which time CEMCO sold its "FAS Track" version of Klein's product royalty-free.

An intentional interference claim requires (1) an economic relationship between plaintiff and a third party with the probability of future economic benefit to the plaintiff, (2) defendant's knowledge of that relationship, (3) defendant's

7

1  intentional, independently wrongful act to disrupt the
2  relationship, (4) actual disruption, and (5) economic harm to the
3  plaintiff.  <u>Marsh v. Anesthesia Serv. Med. Group. Inc.</u>, 200
4  Cal.App.4th 480, 504 (2011) (citing <u>Korea Supply v. Lockheed</u>
5  <u>Martin Corp.</u>, 29 Cal.4th 1134, 1153 (2003)).  An act's
6  independent wrongness depends on its unlawfulness.  <u>Id.</u>
7      CEMCO argues that ClarkWestern's counterclaim fails because
8  (1) the Counterclaim does not allege a sufficient economic
9  relationship between ClarkWestern and Klein and (2) CEMCO's
10 alleged acts were not unlawful. (CEMCO Motion at 1-2.)
11     Intentional interference claims protect "the expectation
12 that the [economic] relationship eventually will yield the
13 desired benefit, not necessarily the more speculative expectation
14 that a potentially beneficial relationship will arise." <u>Korea</u>
15 <u>Supply</u>, 29 Cal.App.4th at 1164 (quotation marks and citation
16 omitted).  The tort can be established by showing interference
17 with "a contract which is certain to be consummated." <u>Kasparian</u>
18 <u>v. County of Los Angeles</u>, 38 Cal.App.4th 242, 261 (1995)
19     Here, ClarkWestern's Counterclaim alleges that it began an
20 economic relationship with Klein's company, BlazeFrame Industries
21 Ltd., in 2010 "as a result of BlazeFrame's claims to ownership of
22 the BlazeFrame Technology and [ClarkWestern's] interest in
23 obtaining a license . . . ." (Counterclaim ¶ 8.)  The
24 Counterclaim also alleges that BlazeFrame and ClarkWestern "began
25 discussing a possible license" in January 2010 and "engaged in
26 on-going discussions with BlazeFrame for the next two-plus years
27 regarding a potential license . . . ." (<u>Id.</u> ¶ 9.)  The timing of
28 CEMCO's allegedly interfering acts is unclear, with the exception

8

of CEMCO's written correspondence to ClarkWestern in February and March 2010. (Id. ¶¶ 33, 37.)

The Counterclaim does not adequately allege when the purported economic relationship between Clarkwestern and BlazeFrame began. "To show an economic relationship, the cases generally agree that it must be reasonably probable the prospective economic advantage would have been realized but for defendant's interference." Rheumatology Diagnostics Lab., Inc. v. Aetna, Inc., No. 12-cv-5847-WHO, 2014 WL 524076 at *14 (N.D. Cal. Feb. 14, 2014) (internal quotation and citation omitted). Although preliminary discussions are alleged to have taken place in January 2010, those discussions concerned only the possibility of a licensing agreement. The exploratory discussions alleged are insufficient, on their own, to establish any certainty that an agreement would be reached. See Sole Energy Co. v. Petrominerals Corp., 128 Cal.App.4th 212, 243 (2005).

Though ClarkWestern argues that the eventual execution of a licensing agreement in 2012 is sufficient to demonstrate the existence of an economic relationship, that licensing agreement was not consummated until over two and a half years after the relationship is alleged to have begun, and roughly two and a half years after CEMCO's written communications to ClarkWestern. It is unclear from the Counterclaim, as currently pled, when in that span a reasonable expectation that the licensing talks would bear

fruit arose. Accordingly, ClarkWestern's Counterclaim is DISMISSED, with leave to amend.[1]

**IV. Conclusion**

    For the reasons stated above, the Motions to Dismiss are GRANTED. CEMCO's Third Cause of Action is dismissed with prejudice. ClarkWestern's Counterclaim is dismissed with leave to amend. Any amended counterclaim shall be filed within fourteen days of the date of this Order.

IT IS SO ORDERED.

Dated: October 29, 2014

DEAN D. PREGERSON
United States District Judge

---

[1] Having dismissed the Counterclaim for failure to allege a sufficient economic relationship, the court need not address CEMCO's additional argument. The court notes, however, that while the Noerr-Pennington doctrine generally protects the right to petition the government and to litigate, sham litigation enjoys no such protection. See Sosa v. DIRECTV, Inc., 437 F.3d 923, 932 (9th Cir. 2006).